DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
JEFFREY A. BARKER (SB #166327)
jbarker@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Plaintiffs Skechers U.S.A.,
Inc. and Skechers U.S.A., Inc. II*

MEGAN K. BANNIGAN
*Pro Hac Vice*
mkbannigan@debevoise.com
TIMOTHY J. CUFFMAN
*Pro Hac Vice*
tcuffman@debevoise.com
DEBEVOISE AND PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

RUSSELL M. SELMONT (SB #252522)
Rselmont@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, 12th Floor
Beverly Hills, CA 90212
Telephone: (310) 273-6333
Fascimile: (310) 859-2325

*Attorneys for Defendants Dolce Vita
Holdings, Inc. Dolce Vita Footwear,
Inc. and Steven Madden, Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II,<br><br>Plaintiffs,<br><br>v.<br><br>DOLCE VITA HOLDINGS, INC., DOLCE VITA FOOTWEAR, INC., and STEVEN MADDEN, LTD.,<br><br>Defendants.<br><br>DOLCE VITA FOOTWEAR, INC., and STEVEN MADDEN, LTD., | Case No. 2:24-cv-03671 CBM-SSCx<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>[Assigned to District Judge Consuelo B. Marshall and Magistrate Judge Stephanie S. Christensen] |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Counter-
Claimants,

v.

SKECHERS U.S.A., INC. and
SKECHERS U.S.A., INC. II,

Counter-
Defendants.

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

1     Pursuant to a Stipulation by all parties, the following Stipulated Protective
2     Order is hereby entered in this matter.

3     1.    GOOD CAUSE STATEMENT

4     Plaintiffs SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II
5     (collectively, "Skechers") and Defendants DOLCE VITA HOLDINGS, INC.,
6     DOLCE VITA FOOTWEAR, INC. and STEVEN MADDEN, LTD. (collectively,
7     "Dolce Vita"), believe this case will involve documents, materials, or information
8     that need special protection from public disclosure and from use for any purpose
9     other than prosecution of this action.  This action also likely will involve
10    confidential and proprietary materials and information consisting of, among other
11    things, the Parties' confidential business or financial information, information
12    regarding the Parties' confidential business practices, or other commercial
13    information (including information implicating privacy rights of third parties) that
14    is generally unavailable to the public, or which may be privileged or otherwise
15    protected from disclosure under state or federal statutes, court rules, case decisions,
16    or common law.  Finally, this action may involve inadvertent production of
17    information subject to the attorney-client privilege, attorney work product doctrine,
18    or other similar evidentiary privileges and protections.

19    Accordingly, to expedite the flow of information, to facilitate the prompt
20    resolution of disputes over confidentiality of discovery materials, to adequately
21    protect information the Parties are entitled to keep confidential, to ensure that the
22    Parties are permitted reasonable and necessary uses of such material in preparation
23    for and in the conduct of trial, to address their handling at the end of the Action, and
24    to serve the ends of justice, a protective order for such information is justified in
25    this matter.  It is the intent of the Parties that information will not be designated as
26    confidential for tactical reasons and that nothing will be so designated without a
27    good faith belief that it has been maintained in a confidential, non-public manner,
28    and there is good cause why it should not be part of the public record of this case.

3

2.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from certain disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not by itself entitle them to file confidential information under seal; Local Rule 79-5, specifically Local Rule 79-5.2.2, sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

3.  <u>DEFINITIONS</u>

3.1   <u>Action</u>:   the instant action, which is Central District of California case no. 2:24-cv-03671 CBM-SSCx.

3.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this <u>Stipulated Protective</u> Order.

3.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.4   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

3.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY."

3.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

3.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the Action who is not a Party and has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.  The Parties also agree that an Expert shall not include current employees or contractors of any of the following companies or their subsidiaries or affiliates:  Nike, Inc. (including Jordan and Converse), adidas AG, Puma SE, Brooks Brothers, New Balance Athletics, Inc., On Holding AG, Deckers Brands (including Hoka, UGG and Teva), ASICS Corporation, Anta Sports, Wolverine Worldwide (including Merrell and Saucony), VF Corp. (including Vans and Timberland), Under Armour, Inc., Mizuno Corporation, Salomon SAS, Reebok International Limited, Crocs, Inc., Birkenstock Holding plc, and Fila.

3.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the personal, commercial, financial, strategic, or business interests of the Producing Party or its employees, customers, or clients, including but not limited to competitive disadvantage of such persons, that could not be avoided by less restrictive means.

3.9    House Counsel:  attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

3.12   <u>Party</u>:  any party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

4.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a

violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Stipulated Protective Order does not govern the use of Protected Material during a court hearing or at trial.

5.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations

7

1    that are shown to be clearly unjustified or that have been made for an improper

2    purpose (e.g., to unnecessarily encumber or retard the case development process or

3    to impose unnecessary expenses and burdens on other parties) may expose the

4    Designating Party to sanctions, at the discretion of the Court.

5         If it comes to a Designating Party's attention that information or items that it

6    designated for protection do not qualify for protection at all or do not qualify for the

7    level of protection initially asserted, that Designating Party must promptly notify all

8    other parties that it is withdrawing the mistaken designation.

9         6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

10   this <u>Stipulated Protective</u> Order, or as otherwise stipulated or ordered, Disclosure or

11   Discovery Material that qualifies for protection under this <u>Stipulated Protective</u>

12   Order must be clearly so designated before the material is disclosed or produced.

13        Designation in conformity with this Stipulated Protective Order requires:

14        (a) <u>For information in documentary form</u> (e.g., paper or electronic

15   documents, but excluding transcripts of depositions or other pretrial or trial

16   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

18   contains protected material.  If only a portion or portions of the material on a page

19   qualifies for protection, the Producing Party also must clearly identify the protected

20   portion(s) (e.g., by making appropriate markings in the margins) and must specify,

21   for each portion, the level of protection being asserted.

22        A Party or Non-Party that makes original documents or materials available

23   for inspection need not designate them for protection until after the inspecting Party

24   has indicated which material it would like copied and produced.  During the

25   inspection and before the designation, all of the material made available for

26   inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY." After the inspecting Party has identified the documents it wants copied

28   and produced, the Producing Party must determine which documents, or portions

thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>For testimony given in depositions,</u> that the Designating Party identifies as protected testimony on the record before the close of the deposition, or within seven (7) days of receipt of the final transcript.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the level of protection being asserted by the Designating Party.  Unless the Parties expressly agree otherwise as to a particular deposition transcript, the Parties shall treat all deposition transcripts as having been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the seventh (7th) day after receipt of the final transcript, until which time any Party may designate any portion of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and after which time such deposition testimony will be treated in accordance with its confidentiality designation, if any.

(c) <u>For information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this <u>Stipulated Protective</u> Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this <u>Stipulated Protective</u> Order.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process in accordance with Local Rule 37-1, et seq.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process.

7.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall either:  (1) initiate the process for informal, telephonic discovery hearings pursuant to the procedure found on the Court's website, or (2) file before the Magistrate Judge a Joint Stipulation in accordance with Local Rule 37-2 (and Local Rule 79–5, if applicable).  The burden

of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions, at the discretion of the Court.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) private court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) mock jurors who have signed the "Mock Juror Non-Disclosure and Confidentiality Agreement" (Exhibit B);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions for this Action.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

as employees of said Outside Counsel of Record to whom it is reasonably necessary
to disclose the information for this Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably
necessary for this Action and (2) who have signed the "Acknowledgment and
Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) private court reporters and their staff, professional jury or trial
consultants, and Professional Vendors to whom disclosure is reasonably necessary
for this Action and who have signed the "Acknowledgment and Agreement to Be
Bound" (Exhibit A); and

(e) mock jurors who have signed the "Mock Juror Non-Disclosure and
Confidentiality Agreement" (Exhibit B);

(f) the author or recipient of a document containing the information or a
custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel,
mutually agreed upon by any of the parties engaged in settlement discussions for
this Action.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
      IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this action as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall
include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to
issue in the other litigation that some or all of the material covered by the subpoena
or order is subject to this Stipulated Protective Order. Such notification shall

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

1  include a copy of this Stipulated Protective Order; and

2       (c) cooperate with respect to all reasonable procedures sought to be pursued

3  by the Designating Party whose Protected Material may be affected.

4       If the Designating Party timely seeks a protective order, the Party served with

5  the subpoena or court order shall not produce any information designated in this

6  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY" before a determination by the court from which the subpoena or

8  order issued, unless the Party has obtained the Designating Party's permission.  The

9  Designating Party shall bear the burden and expense of seeking protection in that

10  court of its Protected Material – and nothing in these provisions should be

11  construed as authorizing or encouraging a Receiving Party in this action to disobey

12  a lawful directive from another court.

13  10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
        PRODUCED IN THIS ACTION</u>

14

15       (a) The terms of this Stipulated Protective Order are applicable to

16  information produced by a Non-Party in this Action and designated as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

18  ONLY."  Such information produced by Non-Parties in connection with this Action

19  is protected by the remedies and relief provided by this Stipulated Protective Order.

20  Nothing in these provisions should be construed as prohibiting a Non-Party from

21  seeking additional protections.

22       (b) In the event that a Party is required, by a valid discovery request, to

23  produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26       1.    promptly notify in writing the Requesting Party and the Non-

27       Party that some or all of the information requested is subject to a

28       confidentiality agreement with a Non-Party;

14

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE-PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

1  protection, the obligations of the Receiving Parties are those set forth in Federal

2  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

3  whatever procedure may be established in an e-discovery order that provides for

4  production without prior privilege review.  Pursuant to Federal Rule of Evidence

5  502(d) and (e), the production of a privileged or work-product-protected document,

6  by itself, is not a waiver of privilege or protection from discovery in this case or in

7  any other federal or state proceeding. For example, the mere production of privilege

8  or work-product-protected documents in this case as part of a mass production is

9  not itself a waiver in this case or any other federal or state proceeding. A Producing

10  Party may assert privilege or protection over produced documents at any time by

11  notifying the Receiving Party in writing of the assertion of privilege or protection.

12  13.   MISCELLANEOUS

13       13.1   Right to Further Relief.  Nothing in this Stipulated Protective Order

14  abridges the right of any person to seek its modification by the Court in the future.

15       13.2   Right to Assert Other Objections.  By stipulating to the entry of this

16  Stipulated Protective Order no Party waives any right it otherwise would have to

17  object to disclosing or producing any information or item on any ground not

18  addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

19  to object on any ground to use in evidence of any of the material covered by this

20  Stipulated Protective Order.

21       13.3   Filing Protected Material.  Without written permission from the

22  Designating Party or a court order secured after appropriate notice to all interested

23  persons, a Party may not file in the public record in this action any Protected

24  Material.  A Party that seeks to file under seal any Protected Material must comply

25  with Local Rule 79-5, specifically Local Rule 79-5.2.2.  Protected Material may

26  only be filed under seal pursuant to a court order authorizing the sealing of the

27  specific Protected Material at issue.  If a Receiving Party's request to file Protected

28  Material under seal pursuant to Local Rule 79-5, specifically Local Rule 79-5.2.2,

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC

is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Rule 79-5, specifically Local Rule 79-5.2.2, unless otherwise instructed by the Court.

13.4    <u>Privilege Logs</u>.  No Party is required to identify on its respective privilege log any document or communication dated after May 2, 2024, the date upon which the Action was commenced. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents, or as otherwise ordered by the Court.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 (DURATION).

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated:  January 24, 2025                    **O'MELVENY & MYERS LLP**

4

5                                               */s/ Jeffrey A. Barker*
                                                Jeffrey A. Barker
6                                               1999 Avenue of the Stars, 8th Floor
                                                Los Angeles, California 90067-6035
7                                               Telephone: (310) 553-6700
                                                Facsimile: (310) 246-6779
8                                               E-mail: jbarker@omm.com

9                                               *Attorneys for Skechers U.S.A., Inc. and*
                                                *Skechers U.S.A., Inc. II*

10

11  Dated:  January 24, 2025                    **DEBEVOISE & PLIMPTON LLP**

12

13                                              */s/ Timothy J. Cuffman*
                                                Timothy J. Cuffman
14                                              66 Hudson Boulevard
                                                New York, NY 10001
15                                              Telephone: (212) 909-6000
                                                Facsimile: (212) 909-6838
16                                              Email: tcuffman@debevoise.com

17                                              *Attorneys for Defendants Dolce Vita*
                                                *Holdings, Inc. Dolce Vita Footwear, Inc.*
18                                              *and Steven Madden, Ltd.*

19
                                    **ATTESTATION**
20
         I hereby attest that the other signatory listed, on whose behalf this filing is
21
    submitted, concurs in the filing's content and has authorized the filing.
22
    Dated:  January 24, 2025                    **O'MELVENY & MYERS LLP**
23
                                                */s/ Jeffrey A. Barker*
24                                                  Jeffrey A. Barker

25

26

27

28

                                           18
                                                      [~~PROPOSED~~] PROTECTIVE ORDER
                                                      NO. 2:24-CV-03671-CBM-SSC

1

## <u>ORDER</u>

2

3   **PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO**

4   **ORDERED.**

5

6   DATED: January 27, 2025   By: _____

7   _____
                                Hon. Stephanie S. Christensen
8                               United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19
                                        [~~PROPOSED~~] PROTECTIVE ORDER
                                        NO. 2:24-CV-03671-CBM-SSC

## <u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type name of

organization and full address], declare under penalty of perjury that I have read in

its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of *Skechers U.S.A., Inc., et al., v. Dolce Vita Holdings, Inc., et al.*,

2:24-cv-03671-CBM-SSCx.  I agree to comply with and to be bound by the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure

to do so could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type name] of _____ [print

or type name of organization and full address] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[~~PROPOSED~~] PROTECTIVE ORDER
NO. 2:24-CV-03671 CBM-SSC

1
## **EXHIBIT B**

2
### NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

3

4
I, _____ [print name],

5
understand and agree to serve as a mock juror for an action currently pending in the

6
United States District Court for the Central District of California.  I understand and

7
agree that in connection with my service as a mock juror, highly confidential

8
information, including technical details and trade secrets, of the parties to the action

9
and the case will be disclosed to me.  To protect the confidentiality of that

10
information of the parties involved, I hereby solemnly affirm and agree that during

11
and after my service as a mock juror, I will not use or disclose to anyone outside the

12
mock jury process the matters discussed and/or the information received, including

13
technical details and trade secrets, during this mock jury process.

14

15
Date: _____

16
City and State where sworn and signed: _____

17

18
Printed name: _____

19

20
Signature: _____

21

22

23

24

25

26

27

28

21

[PROPOSED] PROTECTIVE ORDER
NO. 2:24-CV-03671-CBM-SSC